[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-14221
_____

D.C. Docket No. 2:12-cv-00555-ALB

In re:  MCINTYRE BUILDING COMPANY, INC.,

Debtor.
_____

MCINTYRE LAND COMPANY, INC.,

Plaintiff-Appellant,

OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY,

Intervenor-Appellant,

versus

BRANCH BANKING AND TRUST COMPANY, INC.,

Defendant-Appellee.

_____

Appeals from the United States District Court
for the Middle District of Alabama
_____

(February 9, 2021)

Before GRANT, TJOFLAT, and ED CARNES, Circuit Judges.

PER CURIAM:

This case arises out of an adversary proceeding in a bankruptcy case. McIntyre Land Company and Old Republic National Title Insurance Company seek to establish that Old Republic owns a first priority mortgage on property known as Prattville Square and that BB&T, which is a successor in interest to the FDIC, has no mortgage on that property.  BB&T, on the other hand, contends that it does have a mortgage on Prattville Square with first priority.

Because the parties, the district court, and the bankruptcy court are familiar with the facts and procedural history of this case, which are well detailed in the bankruptcy court's order, see Doc. 1-6 at 2–9, we need not recount them here.  It is enough to say that the bankruptcy court, after finding the proceeding noncore, ruled that McIntyre Land could not enforce a purported collateral swap agreement and, as a result, that BB&T has a first priority mortgage on the Prattville Square property.  And the district court, after finding the proceeding core, affirmed.

We also affirm.  As for jurisdiction, we agree with the district court's conclusion that the proceeding was a core one, for the reasons it explained.  See Doc. 45 at 19–23.  Because the proceeding was core, the bankruptcy court had jurisdiction and, contrary to McIntyre Land's assertion, the court was not required to abstain under 28 U.S.C. § 1334(c)(2).

As for the merits, we agree with the district court and the bankruptcy court that McIntyre Land cannot enforce the purported collateral swap agreement because no representative of it signed that document (or any other relevant one), as required by 12 U.S.C. § 1823(e)(1)(B). The bankruptcy court correctly concluded that there is no exception to § 1823(e) that frees McIntyre Land from that subsection's requirements. See Doc. 1-6 at 18–24. We reach the same bottom line that the district court and bankruptcy court did in their orders, and for the reasons stated in them, see Doc. 45 at 24–25; Doc. 1-6 at 19–21, with a few exceptions and a little explanation.

As indicated, we disagree with the bankruptcy court that this is a non-core proceeding and agree with the district court's reasoning about why it is a core proceeding. We have no occasion to decide whether the D'Oench common law doctrine applies, because we agree with both courts that the statutory version of it, 12 U.S.C. § 1823(e), does apply. Nor do we have any reason to address any of the issues the bankruptcy court and district court decided that have not been raised in this appeal.

Finally, we reject McIntyre Land's contention that it was entitled to a jury trial. Even assuming it properly invoked that right, there was no genuine issue of material fact for a jury to resolve because no representative of McIntyre Land signed any document that could satisfy § 1823(e).

**AFFIRMED.**